IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO.  2:07c259-WKW |
| ) | |
| DERRICK MYRON LLOYD ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this response to Defendant Derrick Myron Lloyd's *pro se* "Motion to Dismiss Pursuant to Federal Criminal Procedure Rule 48(a) or (b) Ad Prosequendum Affirmative Action" (docket #20, hereinafter "Motion").[1]  Fairly read, the Motion advances two arguments in support of dismissing the indictment: a Due Process violation based upon pre-indictment delay, and a Speedy Trial Act violation based upon post-indictment delay.  The Motion also argues a Fourth Amendment violation in support of suppressing the evidence.  None of these three arguments has any merit, and the Motion should accordingly be denied.

**1.   THERE IS NO DUE PROCESS VIOLATION.**

The forty-three (43) days that elapsed between the defendant's state arrest and his federal indictment did not violate his constitutional right to due process of law.  To prove a due process violation resulting from pre-indictment delay, the defendant must show two things: (1) actual prejudice; and (2) the delay resulted from a deliberate design by the government to gain a tactical advantage.  *United States v. Thomas*, 62 F.3d 1332 (11th

---

[1] As this Court is no doubt aware, the Constitution does not confer a right to proceed simultaneously by counsel and *pro se*, and the Court is not obligated to consider this Motion in light of the fact that the defendant is currently being represented by counsel.  *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (no right to hybrid representation).

Cir. 1995); *United States v. Hayes*, 40 F.3d 362 (11th Cir. 1994). The Motion completely fails on both accounts. It should be noted that this case did not begin on a complaint and a federal arrest warrant (which under 18 U.S.C. § 3161(b) would require indictment within thirty (30) days) but rather was initiated by indictment. The fact that the Government commenced its formal prosecution of the defendant only forty-three (43) days after discovery of his offense – a relatively short interval – presents an especially specious argument for dismissal.

**2.    THERE IS NO SPEEDY TRIAL ACT VIOLATION.**

Having failed to establish any actionable pre-indictment delay, the defendant fares no better in his effort to show that the indictment should be dismissed on account of any post-indictment delay. Here, according to the defendant, the length of time at issue is one hundred and four (104) days between arraignment and his scheduled trial. Under the Act, a trial must commence within seventy (70) days of the return of the indictment, or from the date the defendant first appeared in court on the pending charges, whichever date occurs last. 18 U.S.C. § 3161(c). That provision would seem to be breached, except that the Act also excludes from the computation any delay due to the grant of a continuance, where the Court finds that the ends of justice in granting a continuance would outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8).

At his arraignment on January 24, 2008, the defendant waived his right to a speedy trial and asked the Court for an "ends of justice" continuance, which the Court promptly granted. *See* docket #11. For that reason, the law now prohibits the defendant from obtaining a dismissal due to the delay. *See United States v. Twitty*, 107 F.3d 1482,

1489 (11th Cir. 1997) (when "ends of justice" continuance is granted, any delay is excludable); *United States v. Grice*, No. 2:06cr271-WKW, 2007 U.S. Dist. LEXIS 22127 (M.D. Ala. Mar. 9, 2007) (unpubl.) (same).

Not only has there been no Speedy Trial Act violation, but the amount of time that has elapsed (104 days) is not uncommonly long, the defendant assented to having his case placed on the May 5th trial term, and he did not assert his Sixth Amendment right to a speedy trial until this Motion. These factors all weigh against him. *See generally United States v. Harris*, 376 F.3d 1282, 1290 (11th Cir. 2004); *United States v. Clark*, 83 F.3d 1350, 1353 (11th Cir. 1996).

Most importantly, the defendant has not demonstrated any actual prejudice. He asserts that he "will further show extreme prejudice in the above said facts at trial" (Mot. at 2), but the time for showing prejudice is at hand, and he cannot point to any way in which this small delay has possibly impaired his defense, unduly oppressed him, or caused him any additional anxiety or concern. *See, e.g.*, *Doggett v. United States*, 505 U.S. 647 (1992). In fact, if anything, the additional time has benefitted the defendant, who well knows that as soon as this case is over, he will be extradited to New York to answer a long-outstanding homicide charge.

**3.    THERE IS NO FOURTH AMENDMENT VIOLATION.**

In the midst of his arguments for dismissal, the defendant inserts a suppression issue, alleging that he was "illegally finger printed and investigated" (Mot. at 1, ¶ 2).[2] If the defendant was illegally arrested, his fingerprint evidence could be subject to suppression under the exclusionary rule, but only if the fingerprints were obtained for an

---

[2] The defendant raised this argument for the first time in this Motion, which was filed on April 16, 2008 – more than a month after the March 12 deadline imposed by this Court for pretrial motions.

3

investigatory purpose.  *See Hayes v. Florida*, 470 U.S. 811, 815 (1985); *Davis v. Mississippi*, 394 U.S. 721, 727 (1969).  On the other hand, "fingerprints administratively taken in conjunction with an arrest for the purpose of simply ascertaining or confirming the identity of the person arrested and routinely determining the criminal history and outstanding warrants of the person arrested are ... not suppressible." *United States v. Olivares-Rangel*, No. 04-2194, 2006 U.S. App. LEXIS 20595 (10th Cir. Aug. 11, 2006).

In this case, the fingerprint evidence was obtained for a routine, administrative purpose.  Alabama State Troopers had already found probable cause to believe that the defendant was in possession of a fraudulent Social Security Card and had placed him under arrest for the state charge of Criminal Possession of a Forged Instrument.  U.S. Immigration and Customs Enforcement Senior Special Agent David Henderson happened to be present for the arrest and assisted with the fingerprinting.  This fingerprinting was necessary so that law enforcement could quickly determine who it was that they had arrested, whether he was wanted in connection with any other crimes, whether he might be dangerous, etc., and it was entirely legal:

> Certain routine administrative procedures, such as fingerprinting, photographing, and getting a proper name and address from the defendant, are incidental events accompanying an arrest that are necessary for orderly law enforcement and protection of individual rights. * * * It is therefore considered "elementary that a person in lawful custody may be required to submit to . . . fingerprinting as part of routine identification processes." The government always has the right, and indeed the obligation, to know who it is that they hold in custody regardless of whether the arrest is later determined to be illegal.

2006 U.S. App. LEXIS 20595, at *24-25 (internal citations omitted); *accord United States v. Oscar-Torres*, 507 F.3d 224 (4th Cir. 2007).

4

## **CONCLUSION**

For all of the foregoing reasons, the defendant has not demonstrated any pretrial violation of his constitutional rights, let alone that he has suffered any prejudice as a result of any such violation, and his Motion should accordingly be denied.

Respectfully submitted this the 28th day of April, 2008.

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                */s/ Nathan D. Stump*
                NATHAN D. STUMP
                Assistant United States Attorney
                131 Clayton Street
                Montgomery, AL  36104-3429
                Tel: (334) 223-7280
                Fax: (334) 223-7560
                Email: nathan.stump@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:07c259-WKW |
| | ) | |
| DERRICK MYRON LLOYD | ) | |

## **CERTIFICATE OF SERVICE**

I, Nathan D. Stump, Assistant United States Attorney, hereby certify that on this the 28th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record, including Don Bethel, Esq., counsel for defendant.

    Respectfully submitted,

    */s/Nathan D. Stump*
    NATHAN D. STUMP
    131 Clayton Street
    Montgomery, AL 36104
    Phone: (334)223-7280
    Fax: (334)223-7135
    E-mail: nathan.stump@usdoj.gov