IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr259-WKW |
| | ) | |
| DERRICK MYRON LLOYD | ) | |

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above case. All of the instructions are 11th Circuit Pattern Instructions.

Respectfully submitted this the 28th day of April, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/Nathan D. Stump
NATHAN D. STUMP
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: nathan.stump@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA    )
    )
    v.    )    CR. NO. 2:07cr259-WKW
    )
DERRICK MYRON LLOYD    )

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to: Donnie

Wayne Bethel, Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/Nathan D. Stump
NATHAN D. STUMP
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: nathan.stump@usdoj.gov

2

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

2.1

Duty To Follow Instructions
Presumption Of Innocence

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

ANNOTATIONS AND COMMENTS

In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also Harvell v. Naple, 58 F.3d 1541, 1542 (11th Cir. 1995), reh'g denied, 70 F.3d 1287 (11th Cir. 1995).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

2.2

<u>Duty To Follow Instructions</u>
<u>Presumption Of Innocence</u>
<u>(When Any Defendant Does Not Testify)</u>

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

<u>ANNOTATIONS AND COMMENTS</u>

<u>United States v. Teague</u>, 953 F.2d 1525, 1539 (11th Cir. 1992), <u>cert</u>. <u>denied</u>, 506 U.S. 842,113 S.Ct. 127, 121 L.Ed.2d 82 (1992). Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; see also <u>United States v. Veltman</u>, 6 F.3d 1483, 1493 (11th Cir. 1993)(Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial . . . . Although the Court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrol.")

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

3

Definition Of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.


ANNOTATIONS AND COMMENTS

United States v. Daniels, 986 F.2d 451 (11th Cir. 1993),opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), cert. denied, 114 S.Ct. 1615, 128 L.Ed.2d 342 (1994) approves this definition and instruction concerning reasonable doubt; see also United States v. Morris, 647 F.2d 568 (5th Cir. 1981 ); Victor v. Nebraska, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4

4.2

Consideration Of The Evidence, Direct
And Circumstantial - - Argument Of Counsel
<u>Comments By The Court</u>

As I said earlier, you must consider only the evidence that I have admitted in the case.

The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the

record. Remember that anything the lawyers say is not evidence in the case. It is your own

recollection and interpretation of the evidence that controls.  What the lawyers say is not binding

upon you.  Also, you should not assume from anything I may have said that I have any opinion

concerning any of the issues in this case.  Except for my instructions to you on the law, you

should disregard anything I may have said during the trial in arriving at your own decision

concerning the facts.

In considering the evidence you may make deductions and reach conclusions which

reason and common sense lead you to make; and you should not be concerned about whether the

evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual

knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of

facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no

distinction between the weight you may give to either direct or circumstantial evidence.

<u>ANNOTATIONS AND COMMENTS</u>

<u>United States v. Clark</u>, 506 F.2d 416 (5th Cir. 1975) <u>cert</u>. <u>denied</u>, 421 U.S. 967, 95 S.Ct. 1957,
44 L.Ed.2d 454 (1975) approves the substance of this instruction concerning the lack of
distinction between direct and circumstantial evidence; see also <u>United States v. Barnette</u>, 800
F.2d 1558, 1566(11th Cir. 1986), <u>reh'g</u> <u>denied</u>, 807 F.2d 999 (11th Cir. 1986), <u>cert</u>. <u>denied</u>, 480

6

U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing <u>United States v. Henderson</u>, 693 F.2d 1028, 1030 (11th Cir. 1983)).

<u>United States v. Hope</u>, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing <u>United States v. Buchanan</u>, 585 F.2d 100, 102 (5th Cir. 1978)). See also <u>United States v. Jenkins</u>, 901 F.2d 1075 (11th Cir. 1990).

<u>United States v. Granville</u>, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing <u>United States v. Phillips</u>, 664 F.2d 971,1031 (5th Cir. 1981)); see also <u>United States v. Siegel</u>, 587 F.2d 721, 727 (5th Cir. 1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

5

Credibility Of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

6.6

Impeachment
Inconsistent Statement And Felony Conviction
(Defendant Testifies With Felony Conviction)

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony. [Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crime(s) for which the Defendant is on trial.]

9

ANNOTATIONS AND COMMENTS

United States v. Lippner, 676 F.2d 456, 462 n.11  (11th Cir. 1982), it is plain error not to give a limiting instruction (such as the last sentence of this instruction) when a Defendant is impeached as a witness under Rule 609, FIRE., by cross examination concerning a prior conviction) (citing United States v. Diaz, 585 F.2d 116 (5th Cir. 1978)).

If, however, evidence of a Defendant's prior conviction is admitted for other purposes under Rule 404(b), FIRE., the last sentence of this instruction should not be given.  See, instead, Trial Instruction 3 and Special Instruction 4.

Similarly, the last sentence of this instruction should not be given if evidence of a Defendant's prior conviction is admitted because the existence of such a conviction is an essential element of the crime charged. See, for example, Offense Instruction 30.6, 18 USC § 922(g), and the Annotations and Comments following that instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

7

<u>Expert Witnesses</u>

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

<u>ANNOTATIONS AND COMMENTS</u>

<u>United States v. Johnson</u>, 575 F.2d 1347, 1361 (5th Cir. 1978), <u>cert</u>. <u>denied</u>, 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979) approved the Committee's former version of this instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

Based on Pattern Jury Instruction No. 40.1

False Identification Documents
18 U.S.C. § 1028(a)(6)

Title 18, United States Code, Section 1028(a)(6), makes it a Federal crime or offense for anyone to knowingly possesses an identification document that is or appears to be issued by or under the authority of the United States and that is stolen or produced without lawful authority.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> First:    That the Defendant possessed an identification document that was or appeared to be issued under the authority of the United States;
>
> Second:    That the Defendant did so knowingly and willfully, with knowledge that the identification document was stolen or produced without lawful authority; and
>
> Third:    That the identification document had in fact been produced without lawful authority.

A "false identification document" means a document of a type commonly accepted for purposes of identification of individuals that is not issued by or under the authority of a governmental entity, but appears to be issued by or under the authority of the United States Government.

ANNOTATIONS AND COMMENTS

18 U.S.C. § 1028(a)(6) provides:

(a)  Whoever, in a circumstance described in subsection (c) of this section--
* * * * *
   (6)  knowingly possesses an identification document or authentication feature that is or appears to be an identification document or authentication feature of the United States ...which is stolen

12

or produced without lawful authority knowing that such document or feature was stolen or produced without such authority...

* * * * *

shall be punished as provided in subsection (b) of this section.

(c)  The circumstance referred to in subsection (a) of this section is that--

   (1)  the ...false identification document is or appears to be issued by or under the authority of the United States....

 Maximum Penalty: One (1) year and applicable fine.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

9.1

On Or About - - Knowingly - - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

ANNOTATIONS AND COMMENTS

United States v. Creamer, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the Defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced." See also United States v. Reed, 887 F.2d 1398 (11th Cir. 1989), reh'g denied, 891 F.2d 907 (1989), cert. denied, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

United States v. Diecidue, 603 F.2d 535, 548 (5th Cir. 1979), cert. denied, 445 U.S. 946, 100 S.Ct. 1345,63 L.Ed.2d 781 (1980), and cert. denied, 446 U.S. 912, 100 S.Ct. 1842, 64 L.Ed.2d 266 (1980) approved these definitions of knowingly and willfully as sufficient instructions on issue of intent. See also United States v. Kerley, 643 F.2d 299 (5th Cir. 1981).

United States v. Kelly, 615 F.2d 378 (5th Cir. 1980) approved refusal to amplify "willfulness" instruction for the purpose of emphasizing specific intent, criminal motive or guilty mind.

United States v. Restrepo-Granda, 575 F.2d 524 (5th Cir. 1978), reh'g denied, 579 F.2d 644 (1978), cert. denied, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978), reh'g denied, 439 U.S.

14

1104, 99 S.Ct. 885, 59 L.Ed.2d 65(1979); United States v. Batencort, 592 F.2d 916 (5th Cir. 1979), instruction on "deliberate ignorance" as equivalent of knowledge may be given as a supplement to the standard charge in an appropriate case.  See Special Instruction 8.

United States v. Stone, 9 F.3d 934, 937 (11th Cir. 1993), reh'g denied, 19 F.3d 1448 (11th Cir. 1994), cert. denied, 115 S.Ct. 111, 130 L.Ed.2d 58 (1994), "deliberate ignorance" instruction appropriate only when evidence in the record shows that the Defendant purposely contrived to avoid learning the truth.  United States v. Arias, 984 F.2d 1139 (11th Cir. 1993), cert. denied, 508 U.S. 979, 113 S.Ct. 2979, 125 L.Ed.2d 676 (1993), and cert. denied, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993) approved deliberate ignorance instruction when drug couriers avoided knowledge of content of their parcels.  See also United States v. Rivera, 944 F.2d 1563, 1570-72(11th Cir. 1991); Batencort, supra, and Special Instruction 8, infra.

United States v. Corral Martinez, 592 F.2d 263 (5th Cir. 1979), Model Penal Code definition of knowledge held not to be plain error when given as an instruction, i.e., "proof that Defendant was aware of the high probability that the substance he possessed was heroin [suffices to prove knowledge] unless he actually believes it was not heroin."

United States v. Benson, 592 F.2d 257 (5th Cir. 1979); United States v. Warren, 612 F.2d 887 (5th Cir. 1980), cert. denied, 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980) approved instruction in a tax evasion case and a currency reporting case, respectively, defining "willfulness" to mean the "voluntary and intentional violation of a known legal duty;" United States v. Pomponio, 429 U.S. 10,97 S.Ct. 22, 50 L.Ed.2d 12 (1976), reh'g denied, 429 U.S. 987, 97 S.Ct. 510, 50 L.Ed.2d 600 (1976).  See Special Instruction 9, infra.

Other instructions are sometimes given concerning specific types of evidence as giving rise to an inference of guilty knowledge, and some such instructions have been approved (as indicated below), but the Committee recommends that, ordinarily, those subjects should be left to the argument of counsel and should not be addressed in the Court's charge.

United States v. Stewart, 579 F.2d 356 (5th Cir. 1978), cert. denied, 439 U.S. 936, 99 S.Ct. 332, 58 L.Ed.2d 332 (1978) approved instruction on flight and concealment as justifying inference of guilty knowledge.

United States v. Barresi, 601 F.2d 193 (5th Cir. 1979) approved instruction concerning proof of falsity of Defendant's explanation as evidence of guilty knowledge; see also United States v. Broadwell, 870 F.2d 594, 601 n.17 (11th Cir. 1989), cert. denied, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85 (1989).

United States v. Knight, 607 F.2d 1172 (5th Cir. 1979) approved instruction concerning inference which might be drawn from refusal of Defendant to obey order requiring submission of handwriting exemplar.

United States v. Gastell, 584 F.2d 87 (5th Cir. 1978), cert. denied, 440 U.S. 925, 99 S.Ct. 1256, 59 L.Ed.2d 480 (1979); United States v. Duckett, 583 F.2d 1309 (5th Cir. 1978) approved instruction concerning inference of guilty knowledge which might be drawn from possession of recently stolen property.

But, United States v. Chiantese, 560 F.2d 1244, 1255 (5th Cir. 1977) (en banc) disapproved instruction to the effect that, absent evidence to the contrary, a person is presumed to intend the natural and probable consequences of his or her acts.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10

10.2

Caution - - Punishment
<u>(Single Defendant - - Multiple Counts)</u>

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

<u>ANNOTATIONS AND COMMENTS</u>

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 USC § 1962 (RICO offenses) or 21 USC § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11

11

Duty To Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.


ANNOTATIONS AND COMMENTS

United States v. Brokemond, 959 F.2d 206, 209 (11th Cir. 1992) approved this instruction. See also United States v. Cook, 586 F.2d 572 (5th Cir. 1978), reh'g denied, 589 F.2d 1114 (1979), cert. denied, 442 U. 5. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); United States v. Dunbar, 590 F.2d 1340 (5th Cir. 1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12

12

<u>Verdict</u>

When you go to the jury room you should first select one of your members to act as your

foreperson.  The foreperson will preside over your deliberations and will speak for you here in

court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous

agreement you will have your foreperson fill in the verdict form, date and sign it, and then return

to the courtroom.

If you should desire to communicate with me at anytime, please write down your message

or question and pass the note to the marshal who will bring it to my attention.  I will then respond

as promptly as possible, either in writing or by having you returned to the courtroom so that I can

address you orally.  I caution you, however, with regard to any message or question you might

send, that you should not tell me your numerical division at the time.

<u>ANNOTATIONS AND COMMENTS</u>

<u>United States v. Norton</u>, 867 F.2d 1354, 1365-66 (11th Cir. 1989), <u>cert</u>. <u>denied</u>, 491  U.S. 907,
109 S.Ct. 3192, 105 L.Ed.2d 701 (1989) and 493 U.S. 871, 110 S.Ct.  200, 107 L.Ed.2d 154
(1989) notes that the Court should not inquire about, or disclose, numerical division of the jury
during deliberations but states that "[r]eversal may not be necessary even where the trial judge
undertakes the inquiry and  thereafter follows it with an <u>Allen</u> charge, absent a showing that
either incident or a combination of the two was inherently coercive."  Also, <u>United States v.</u>

19

Brokemond, 959 F.2d 206,209 (11th Cir. 1992) approved this instruction.  See also United States v. Cook, 586 F.2d 572 (5th Cir. 1978), reh'g denied, 589 F.2d 1114 (1979), cert. denied, 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13

Special Instruction 2.1

Confession - - Statement
(Single Defendant)

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it.  In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.


ANNOTATIONS AND COMMENTS

United States v. Clemons, 32 F.3d 1504, 1510 (11th Cir. 1994), cert. denied, 115 S.Ct. 1801, 131 L.Ed.2d 728 (1995) approved similar instruction.