IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CR-259-WKW |
| | ) | |
| DERRICK MYRON LLOYD | ) | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions– what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt.

Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have

any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. Moreover, you should not give extra credence to a person's testimony just because of his or her status as a law enforcement officer. You must consider him or her as any other witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal

3

interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a

4

witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

### Count 1: False Representation of Social Security Number

Title 42, United States Code, Section 408(a)(7)(B) makes it a Federal crime for a person to falsely represent for any purpose the social security account number assigned to

5

him by the Commissioner of Social Security when the number is not the social security number assigned to him.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>: That the Defendant falsely represented a number to be his social security account number assigned to him by the Commissioner of Social Security when such number was not in fact the social security account number assigned to him;

<u>Second</u>: That the Defendant did so with an intent to deceive;

<u>Third</u>: That the Defendant did so for any purpose.

While the government must prove that the Defendant falsely represented a number for any purpose, the government is not required to prove that the Defendant committed the conduct for the purpose of obtaining something of value.

## Count 2- False Identification Documents

Title 18, United States Code, Section 1028(a)(6), makes it a Federal crime or offense for anyone to knowingly possess an identification document that is or appears to be issued by or under the authority of the United States, but that is stolen or produced without lawful authority.

The Defendant can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

> First:   That the Defendant possessed an identification document that was or appeared to be issued under the authority of the United States;
>
> Second:   That the Defendant did so knowingly and willfully, with knowledge that the identification document was stolen or produced without lawful authority; and
>
> Third:   That the identification document had in fact been stolen or produced without lawful authority.

A "false identification document" means a document of a type intended or commonly accepted for purposes of the identification of an individual that is *not* used by or under the authority of a governmental entity or was issued under the authority of a governmental entity but was subsequently altered for purposes of deceit and appears to be issued by or under the authority of the United States government.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the

law.

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.